UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| **JOSEPH KENNEDY SOSTAND** | * | CIVIL ACTION No.: |
| Plaintiff | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **ROLLING-FRITO-LAY SALES, LP,** | * | |
| **OLD FRITO-LAY, INC., LEE ANTHONY** | * | JUDGE: |
| **SPEYRER, AND ACE AMERICAN** | * | |
| **INSURANCE COMPANY,** | * | |
| **FAMILY DOLLAR STORES** | * | |
| **OF LOUISIANA, INC** | * | |
| Defendants | * | |
| | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PETITION FOR REMOVAL**

Defendant, Family Dollar Stores of Louisiana, Inc., (hereinafter referred to as "Family Dollar") files this Petition for Removal pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, to the docket of this Honorable Court on the grounds forth below:

1) Plaintiff, Joseph Kennedy Sostand, a Louisiana citizen, filed his Petition for Damages on March 29, 2016, against Rolling-Frito-Lay Sales, LP, a Texas Corporation; Old Fritolay, Inc., a Texas Corporation; Lee Anthony Speyrer, a Louisiana resident; Ace American Insurance Company, a Pennsylvania insurer; and Family Dollar Stores of Louisiana, Inc., a Virginia Corporation. Defendant, Lee Anthony Speyrer, is an employee of FritoLay, Inc., and would have no personal liability for plaintiff's alleged accident, and has been fraudulently joined to defeat diversity jurisdictions. (See Plaintiff's Petition for Damages, which is attached hereto and included in

Exhibit "A").

2)  Family Dollar was served through its registered agent for service of process, C T Corporation System, with a copy of the Citation and Petition on June 15, 2016. (The Citation is attached hereto and marked as Exhibit "B").

3)  The suit seeks damages from the defendants for personal injuries allegedly sustained by plaintiff, Joseph Kennedy Sostand, as a result of an incident that occurred at the Family Dollar Store No.:11404, located at 10251 Prejean Highway, Lawtell, St. Landry Parish, Louisiana.

4)  Plaintiff's Petition for Damages is silent as to the amount in controversy.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

5)  28 U.S.C. § 1332 provides federal district court with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum of or value of $75,000.00, exclusive of interest and costs, and is between, - (1) citizens of different States."

    A.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6)  The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00, or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical, Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R &H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

8) On June 30, 2016, Family Dollar propounded Requests for Admissions of Fact, and on August 22, 2016, plaintiff responded to Request No. II, by denying that the good faith amount exceeds $75,000.00, but, states that "plaintiff's estimated claim is valued to exceed the $75,000.00, based on his bodily injuries and medical expenses. Also, plaintiff denied Request No. IV, in that "plaintiff will remit or waive the excess of any judgment rendered in state court above $75,000.00, exclusive of interest and costs." Further, plaintiff states that he "will not remit or waive any excess judgment of $75,000.00, rendered on his behalf." (Please see the plaintiff's Responses to Requests for Admissions of Fact attached hereto and marked as Exhibit "C").

**B.   COMPLETE DIVERSITY**

9) Defendant, Family Dollar Stores of Louisiana, Inc., is a foreign corporation incorporated in the State of Virginia, with its principal place of business at 500 Volvo Parkway, Chesapeake, Virginia 23320.

10) Defendant, Rolling-Frito-Lay Sales, LP, is a foreign corporation incorporated in the State of Texas, with its principal place of business at 7701 Legacy Drive, Plano, Texas 75024.

11) Defendant, Old Fritolay, Inc., is a foreign corporation incorporated in the State of Texas, with its principal place of business at 7701 Legacy Drive, Plano, Texas 75024.

12) Defendant, Lee Anthony Speyrer, is a Louisiana resident, however, he has no personal liability for plaintiff's alleged accident, and this party has been fraudulently joined to defeat diversity jurisdiction. The standard for judging fraudulent joinder claims is clearly established in this circuit - after all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing

party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned. Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100–01 (5th Cir. 1990). Plaintiff has made no allegation that Lee Anthony Speyrer was a custodian of property who could be personally at fault under Civil Code Article 2317. Instead, plaintiff merely claims that Lee Anthony Speyrer was employed by defendant and caused plaintiff injuries. These allegations are insufficient to establish Lee Anthony Speyrer's control or custody. See Patterson v. Radiator Specialty Co., No. 10–2007, 2012 WL 1565286, at *2 (E.D.La. May 2, 2012) ("Plaintiff has cited no case and the Court is unaware of one that finds executive officers having the requisite control to state a cause of action against them under art. 2317."); Cologne v. Shell Oil Co., No. 12–7345, 2013 WL 5781705, at *5–6 (E.D.La. Oct. 25, 2013) ("It is implausible to think that two employees ..., who did not hold a formal executive office, maintained enough direction and control over company-owned equipment" to owe a duty to the injured third party under article 2317.); Janko v. Fresh Mkt., Inc., No. CIV.A. 13-648-SDD, 2014 WL 2949306, at *5 (M.D. La. June 27, 2014).

13) Defendant, Ace American Insurance Company, is a foreign insurer who principal place of business is located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19103.

14) Plaintiff, Joseph Kennedy Sostand, is a resident of and domiciled in the State of Louisiana.

15) Accordingly, there is complete diversity of citizenship between the plaintiff and the defendants.

16) This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds **SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS** ($75,000.00), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. <u>FAMILY DOLLAR STORES OF LOUISIANA, INC. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.</u>

17) Defendant, Family Dollar Stores of Louisiana, Inc., was served with the Petition for Damages through its agent for service on June 15, 2016. (See Exhibit "B").

18) Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy.

19) Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006. (See Exhibit "A").

20) On June 30, 2016, Family Dollar propounded Requests for Admissions of Fact, and on August 22, 2016, plaintiff responded to Request No. II, by denying that the good faith amount exceeds $75,000.00, but, states that "plaintiff's estimated claim is valued to exceed the $75,000.00, based on his bodily injuries and medical expenses. Also, plaintiff denied Request No. IV, in that "plaintiff will remit or waive the excess of any judgment rendered in state court above $75,000.00, exclusive of interest and costs." Further, plaintiff states that he "will not remit or waive any excess judgment

of $75,000.00, rendered on his behalf," and this Removal Petition is within thirty (30) days of receipt of papers confirming the existence of diversity jurisdiction. (See Exhibit "C").

21) Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C.§ 1332, which grants federal courts concurrent jurisdiction over claims where the matter in controversy exceeds the sum or value of **SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS (75,000.00),** exclusive of interest and costs, and is between citizens of different States.

22) The 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

23) No previous application has been made by defendant, Family Dollar, in this case for the relief requested herein.

24) Pursuant to 28 U.S.C.§ 1446(a), a certified copy of the 27h Judicial District Court's record is attached hereto as Exhibit "A."

25) Pursuant to 28 U.S.C.§ 1446(a), a copy of this Petition for Removal is being served upon counsel for plaintiff, and a Notice of Removal is being forwarded to be filed with the Clerk of Court for the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, and sent to the counsel for plaintiff.

26) Family Dollar has conferred with counsel for the co-defendants in this matter and there is no objections to the filing of this Petition for Removal.

27) Defendant, Family Dollar, desires and is entitled to a trial by jury of all issues.

**WHEREFORE**, defendant, Family Dollar Stores of Louisiana, Inc., hereby removes this action from the 27th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

    Respectfully submitted,
**THE TRUITT LAW FIRM**
A Limited Liability Company

_____*s//Jack E. Truitt*_____
JACK E. TRUITT, BAR NO. 18476, T.A.
PETER M. GAHAGAN, BAR NO. 33137
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Family Dollar Stores of Louisiana, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on September 8, 2016.

_____*s//Jack E. Truitt*_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| JOSEPH KENNEDY SOSTAND<br>    Plaintiff | * * * | CIVIL ACTION No.: |
| VERSUS | * * | |
| ROLLING-FRITO-LAY SALES, LP,<br>OLD FRITOLAY, INC., LEE ANTHONY<br>SPEYRER, AND ACE AMERICAN<br>INSURANCE COMPANY,<br>FAMILY DOLLAR STORES<br>OF LOUISIANA, INC<br>    Defendants | * * * * * * * | JUDGE: |
| | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

    **BEFORE ME,** the undersigned authority, personally came and appeared:

**JACK E. TRUITT, ESQ.**

who, after being duly sworn by me, did depose and state:

    That all of the allegations contained in the Petition for Removal herein filed are true and correct to the best of his knowledge, information and belief.

_____
JACK E. TRUITT, ESQ.

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 8th DAY
OF SEPTEMBER, 2016.

_____
NOTARY PUBLIC

BARBARA MANTON
NOTARY PUBLIC
STATE OF LOUISIANA
ID # 80490
COMMISSIONED FOR LIFE