UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Sostand | Civil Action No. 6:16-cv-01268 |
| Versus | Judge Robert G. James |
| Rolling Frito Lay Sales, et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

This matter came before the undersigned Magistrate Judge on a *sua sponte* jurisdictional review. This action was originally filed in the Twenty-seventh Judicial District Court for the Parish of St. Landry, Louisiana. In his petition, Plaintiff, Robert Kennedy Sostand, named as defendants Family Dollar Stores of Louisiana, Inc. ("Family Dollar Store")[1], Rolling-Frito Lay Sales LP and Old Fritolay Inc. (collectively referred to as "Frito-Lay"), Lee Anthony Speyrer and Ace American Insurance Company. On September 8, 2016, Defendants removed the case to this Court. *R. 1.*

*Background*

According to the petition, Plaintiff alleges he was shopping at the Family Dollar Stores #11404 in Lawtell, Louisiana on March 27, 2015 "when suddenly without warning he was struck on his left side knee by a weighted freight cart filled

---

[1] The plaintiff voluntarily dismissed Family Dollar without prejudice on October 14, 2106. *R. 10, 11.*

with products being pushed by defendant Lee Anthony Speyrer, an employee of Frito-Lay." *R. 1- 4*. Plaintiff further alleges that "[t]he force of the impact caused [him] to stumble and fall to both knees injuring his legs, knees, and suffering other injuries due to the fall." *Id.* Plaintiff contends that Speyrer "created" the condition which caused his injuries out of "his failure to see the customer and striking customer with a freight cart." *Id.* Plaintiff further contends that Speyrer was in the course and scope of his employment with Frito-Lay, and therefore, "[t]he accident was caused solely by the fault and negligence of [these] defendants." *Id.*

Defendant Family Dollar Stores of Louisiana, Inc. removed the action from state court, alleging that the federal court has subject-matter jurisdiction under 28 U.S.C. § 1332 which confers jurisdiction in civil actions when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. This Court reviewed the pleadings to determine whether the requirements for diversity jurisdiction were satisfied. The Court found that the allegations set forth in Plaintiffs' petition combined with additional information set forth in the defendant's removal notice were sufficient to establish that the amount in controversy requirement was satisfied.

With regard to the citizenship of the parties, Plaintiff alleged, and the Removal Notice confirmed, that Plaintiff is a citizen of Louisiana; Rolling-Frito-Lay Sales, LP

and Old Fritolay, Inc. are Texas Corporations; and, Ace American Insurance Company is a Pennsylvania insurer. This Court finds that the above listed companies and Plaintiff are diverse in citizenship. Plaintiff also alleges, and Defendants concede, that Speyrer is a resident of Louisiana. Therefore, diversity is not complete as to Plaintiff and Speyrer. In their removal notice, however, Defendants argued that Speyrer was improperly joined as a defendant in this lawsuit for the purpose of destroying diversity.

*Law And Analysis*

Under 28 U.S.C. § 1447(c), the Court must remand the case if, at anytime, it appears that the Court is without subject matter jurisdiction. The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998). Therefore, the removing defendants must bear that burden in this case. When there has been an allegation of fraudulent joinder, the removing party bears the burden of demonstrating it. *Carriere v. Sears, Roebuck, and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). In order to find fraudulent joinder, the Court must find that the plaintiff does not have "any possibility of recovery against the party whose joinder is questioned." *Id.*

Improper joinder may be established by demonstrating either that there was actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir. 2004). In this case, no fraud has been alleged, but Defendants argue that Plaintiff cannot recover against Speyrer. They contend that Plaintiff makes no allegation that Speyrer "was a custodian of property who could be personally at fault under Civil Code art. 2317. Instead, plaintiff merely claims that [Speyrer] was employed by defendants and caused plaintiff injuries," and therefore, Speyrer cannot be held personally at fault. *R. 1*.

When there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined. *Smallwood* at 573. To determine whether a reasonable basis exists upon which a plaintiff may recover, a Rule 12(b)(6)-type analysis may be utilized or, if the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, this Court may pierce the pleadings and conduct a summary inquiry. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915-16 (5th Cir. 2009)(citing *Smallwood* at 573). When utilized, a summary inquiry allows a district court to look beyond the pleadings and consider

summary judgment-type evidence. *Anderson*, 342 Fed. App'x at 916. A summary inquiry should only be used to identify discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant. *Id.* "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood* at 574.

The analysis set forth in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), superseded on other grounds by statute, La.Rev.Stat. 23:1032 (1998), governs whether Speyrer may be held personally liable to a third person. *See e.g.*, *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th 2009). Under *Canter*, an employee is personally liable only when (1) the employer owes a duty of care to the third person, the breach of which has caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the employee; (3) the employee breached that duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. Further, the employee cannot be held liable simply because of his general administrative responsibility for performance of some function of the employment. *Id.* at 721. Thus, under Louisiana law, in order to maintain a cause of action against Speyrer, Plaintiffs must show that

Frito-Lay delegated its duty to Speyrer and that Speyrer personally breached that duty. *Carter v. Wal-Mart Stores Inc.*, 2005 WL 1831092, at *2 (W.D. La., 2005).

Here, Plaintiff alleges that "he was struck" on the side of his left knee by the "weighted freight cart filled with products" being pushed by Speyrer. *R. 1-4, ¶ 6.* Plaintiff contends that Speyrer's "inattention and carelessness" caused the accident. *Id. at ¶ 7.* Plaintiff further alleges that the accident at issue was caused solely by the fault and negligence of Speyrer while in the course and scope of his employment with Frito-Lay. Plaintiff alleges, because Speyrer and Frito-Lay owed a duty to protect their customers from conditions which can be hazardous, such as moving the freight cart down the aisle, both are solely liable for the injuries he sustained.

Articles 2315, Article 2317, and Canter, all establish negligence standards, and the threshold question in any negligence inquiry is whether the defendant owed the plaintiff a duty. *Hanks v. Entergy Corp.*, 944 So.2d 564, 580 (La.12/18/06). Under *Canter*, the employee's duty is the result of the employer's delegation of a duty that the employer owed to the third party, to the employee. Pursuant to Louisiana law, a corporate officer or employee, "like all persons, has a general duty to exercise due care so as to avoid injuries to third persons." *Ford v. Elsbury*, 32 F.3d 931, 935–36 (5th Cir.1994)(citing *Canter v. Koehring*, 283 So.2d 716, 722 n. 7 (La.1973)); *see* Restatement (Second) of Torts § 321 (As a general principle of tort law, individuals

are under a duty to prevent injury when they knowingly create a dangerous condition). Here, Plaintiff alleges that "Defendants" owed a duty to protect its customers from hazardous conditions, including the freight cart filled with Frito-Lay products Speyrer was allegedly pushing down the aisle when he struck Plaintiff. Thus, under the Rule 12(b)(6) standard articulated in *Iqbal* and *Twombly*, Plaintiff has pleaded that Speyrer owed the same duty of care as his employer, Frito-Lay—to avoid creating a hazardous condition causing injury to a customer.

In its Notice of Removal, Defendants contend that "Plaintiff has made no allegation that Speyrer was a custodian of property who could be personally at fault under La. Civ. C. art. 2317." *R. 1*. Article 2317 governs claims of premises liability and provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Article 2317 imposes a negligence standard and requires a plaintiff to establish:

    (1) The thing causing his damage was in the custody of the defendant;

    (2) It had a 'defect' or a condition creating an unreasonable risk of harm;

    (3) The defective condition caused plaintiff's injuries; and

    (4) The defendant knew or should have known of that defect.

*Coulter v. Texaco Inc.*, 117 F.3d 909, 913 & n. 8 (5th Cir.1997); *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627–28 (5th Cir.2005).

Defendants cite cases they contend are in support of their position that Article 2317 applies in this case. The jurisprudence cited by Defendants, however, involves whether or not executive officers or employees can be held liable when they had no personal involvement in causing the injury, but because of their job title or general administrative responsibilities, had "control" over the defective "thing" which caused the plaintiff's injury.[2] Here, Plaintiff alleges that Speyrer had control of the cart <u>and</u> personal liability in that he created the dangerous condition that injured Plaintiff by pushing the cart down the aisle.

In *Lounsbury v. Winn-Dixie Louisiana, Inc.*, the plaintiff was looking at products when a store employee walked up behind the plaintiff and squatted at his

---

[2] The facts in the cases cited by Defendants are distinguishable from this case: (1) *Patterson v.Radiator Specialty Co.*, 2012 WL 1565286, at *2 (E.D.La. May 2, 2012) - the plaintiff's negligence claim against the executive officers for his alleged occupational exposure to benzene was dismissed as the plaintiff failed to establish they had the requisite control under the work performed under art. 2317.; (2) *Cologne v. Shell Oil Co.*, 2013 WL 5781705, at *5-6 (E.D.La. Oct. 25, 2013) - the plaintiff was unable to satisfy its claim under article 2317 as he put forth no evidence indicating that either of the two employees exercised direction and control over the defective equipment which allegedly caused plaintiff's exposure to benzene; (3) *Janko v. Fresh Mkt., Inc.*, 2014 WL 2949306, at *5 (M.D. La. June 27, 2014) - the plaintiff alleged the employee breached her duty under article 2317 to "reasonably inspect and/or remove defective vases from the sales floor," which created an unsafe premises. "Plaintiff did not claim that [the employee] was personally responsible for inspecting and choosing the floral merchandise to sell, personally created the defect in the vase, or personally caused Plaintiff's injury."

feet. *Id.*, 1995 WL 626211, at *1 (E.D. La. Oct. 20, 1995) (J. Vance). As the plaintiff made his selection, he tripped and fell backwards over the squatting employee. *Id*. The plaintiff alleged the employee "breached his duty to him by obstructing his passage and negligently tripping him." *Id*. at *2. The court held that the plaintiff stated a proper claim against the employee because the alleged negligence did not arise out of a "general administrative responsibility;" it arose from a personal duty owed to the plaintiff. *Id*.

The undersigned finds that this case is analogous to *Lounsbury* and the cases cited by Defendants are not applicable. Speyrer's alleged negligence arises from the breach of a personal duty that Speyrer owed to Plaintiff when he negligently pushed the freight cart into Plaintiff's knee. Accordingly, under the analysis set forth in *Canter*, Plaintiff has alleged the "possibility" of a cause of action against Speyrer.

*Conclusion*

Having found that Defendants have failed to sustain their burden of showing that Plaintiff has no possibility of a cause of action against the non-diverse defendant, Lee Anthony Speyrer, the undersigned recommends that this case be REMANDED to the Twenty-seventh Judicial Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 23rd day of March 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE